**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUAN PABLO TAPIA AVILA,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 26-8505** |
| | : | |
| **JOHN RIFE, et al.,** | : | |
| **Respondents.** | : | |
| | : | |

## **O R D E R**

Immigration detainee Juan Pablo Tapia Avila challenges his detention under 8 U.S.C. § 1226(a). (Doc. No. 1); 28 U.S.C. § 2241. Because he has not exhausted his administrative remedies, I will deny the Petition without prejudice, but direct Respondents to provide him a prompt custody redetermination hearing.

Petitioner, a Mexican citizen, entered the United States illegally in or around 1999. (Doc. No. 1 ¶¶ 1, 24; Doc. No. 3-3.) In August 2015, Delaware police arrested Petitioner for driving under the influence. (Doc. No. 3-2 at 4.) He was convicted and sentenced to one year of probation. (Id.) In January 2016, his probation officer referred him to ICE, which detained him and charged him as removable. (Id.; Doc. No. 3-3.) ICE records identified Petitioner as affiliated with the Sureños gang and showed a 2014 arrest for possession of a semi-automatic weapon by a person prohibited, which was *nolle prossed*. (Doc. No. 3-2 at 4–5.) Petitioner sought a bond hearing, and in February 2016 an Immigration Judge released him on $2,500 bond. (Doc. No. 1 ¶¶ 2, 26.) Ten months later, Petitioner was again arrested for a DUI and was convicted. (Doc. No. 3-1 at 4.) The Immigration Judge administratively closed Petitioner's removal proceedings in January 2018. (Id.) On November 4, 2026, ICE arrested Petitioner on an administrative warrant and issued a written custody determination that he would remain detained. (Doc. Nos. 3-4, 3-5, 3-6.) Petitioner

asked that an Immigration Judge review that determination, and filed the instant Petition the next day. (Doc. No. 3-6 at 2; Doc. No. 1.) He alleges that his re-detention without an individualized assessment or changed circumstances violates due process and §§ 1226(a) and (b). (Doc. No. 1 ¶¶ 53–62.) Respondents oppose. (Doc. No. 3.)

Under § 2241, a habeas petitioner generally must exhaust available administrative remedies. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). A § 1226(a) detainee may seek a custody redetermination from an Immigration Judge and appeal to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d), 1003.19. As I previously ruled, the detainee must use that process before seeking habeas relief. Martyshkina v. Rife, No. 26-cv-6014, Doc. No. 4 at 2 (E.D. Pa. Aug. 24, 2026); I.K. v. Jamison, No. 26-cv-3719, Doc. No. 10 at 2 (E.D. Pa. June 9, 2026). Petitioner has invoked that process but has not completed it.

Petitioner has not shown that exhaustion should be excused. See Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988). He argues that exhaustion would be futile because the agency cannot decide constitutional questions. (Doc. No. 1 ¶¶ 16, 36.) Yet stripped of its due process label, his claim is that he is neither dangerous nor a flight risk—precisely what the Immigration Judge will decide. See Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005). Nor does the record support his allegation, made "[u]pon information and belief," that ICE made no individualized custody determination. (Doc. No. 1 ¶ 31; Doc. No. 3-6 at 2.) Finally, Petitioner identifies no statute or regulation requiring changed circumstances before re-detention; § 1226(b) permits revocation of bond "at any time." In any event, Petitioner's second DUI arrest postdates his release. He thus has not shown a clear and unambiguous violation of his rights, or that the administrative process cannot timely remedy his alleged injury.

Petitioner has not yet had a custody redetermination hearing, and none has been scheduled. (Doc. No. 3 at 5, 13.) Exhaustion presupposes a remedy that is actually available. Accordingly, I will direct Respondents to provide Petitioner with that hearing promptly. See 28 U.S.C. § 2243 (court shall "dispose of the matter as law and justice require").

**AND NOW**, this 13th day of November, 2026, upon consideration of Petitioner Juan Pablo Tapia Avila's Verified Petition for a Writ of Habeas Corpus (Doc. No. 1) and Respondents' Opposition (Doc. No. 3), it is hereby **ORDERED** that:

1. Within fourteen (14) days of the date of this Order, Respondents **SHALL PROVIDE** Petitioner with a custody redetermination hearing before an Immigration Judge pursuant to 8 C.F.R. §§ 236.1(d) and 1003.19;

3. The Petition (Doc. No. 1) is otherwise **DENIED**; and

4. Upon the filing of Respondents' notice, the Clerk of Court **SHALL CLOSE** this case for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.